[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
On June 24, 1998, the plaintiffs, Ronnette Young and her nine-year-old daughter, Starina Morris, filed a three count complaint against the defendant, Brookside Commons Limited Partnership (Brookside). The complaint arises out of a personal injury to Morris' right foot that occurred on June 29, 1995, when a hallway door in Brookside's apartment complex shut quickly on her foot. The plaintiffs allege: breach of implied-at-law and/or express leasehold contractual obligations relative to Morris (count one); breach of implied-at-law and/or express leasehold contractual obligations seeking recovery for medical expenses relative to Young (count two); and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., relative to both plaintiffs (count three).
On August 28, 1998, Brookside filed a motion to strike counts one, two and three of the plaintiffs' complaint because they fail to set forth claims upon which relief can be granted. On September 10, 1998, the plaintiffs filed a timely objection to Brookside's motion to strike. The plaintiffs aver that the defendant's motion to strike is untimely because it was filed on day thirty one and, therefore, the defendant has waived its right to file the motion to strike.[1]
 II.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must CT Page 1541 construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
Brookside asserts that counts one and two should be stricken because they fail to set forth causes of action for a breach of the implied warranty of habitability. The plaintiffs counter that Brookside retained control of the hallway door. "[W]here the landlord retains control of a portion of the demised premises . . . the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition. . . . In order to demonstrate a breach of this duty the plaintiff must show that the defendants had actual knowledge of the defect or that they were chargeable with constructive notice of it, because had they exercised a reasonable inspection of the premises, they would have discovered it." (Citations omitted; internal quotation marks omitted.) Pollack v. Gampel, 163 Conn. 462, 468,313 A.2d 73 (1972); Mack v. LaValley, 55 Conn. App. 150, 162, 738 A.2d 718
(1999), cert. denied, 251 Conn. 928, 742 A.2d 363 (1999). "[T]o charge the defendants with liability, the notice must have been of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect and subsequently in fact producing it." Pollack v. Gampel, supra, 163 Conn. 469.
In the present case, the plaintiffs allege that the defendant reserved control over the rear hallway door. (Complaint, Count One, ¶ 4.) Moreover, the plaintiffs allege that the defendant breached its implied-at-law and/or express leasehold contractual obligations with respect to the door by: allowing the door to be too loosely installed, causing it to be dangerous for use by tenants; allowing the spring hinges on the door to be too tight, causing it to be dangerous for use by tenants; failing to make reasonable and proper inspection of the door; and maintaining the door in this condition. (Complaint, Count One, ¶ 6.) Thus, the court concludes that the complaint sufficiently alleges that Brookside breached its duty to the plaintiffs. Accordingly, the court denies the motion to strike the portions of counts one and two that allege breach of a common law contractual obligation.
Counts one and two also allege a statutory breach of contract CT Page 1542 under General Statutes § 47a-7 (a)(2) and § 47a-7 (a) (3). The court concludes that remedies under these sections of the General Statutes relate to summary process proceedings and, therefore, do not create this type of cause of action. Accordingly, the court grants the motion to strike the portions of counts one and two that allege a breach of contract under General Statutes § 47a-7 (a)(2) and § 47a-7 (a)(3).
Brookside also argues that count three should be stricken because the plaintiffs have insufficiently pleaded that Morris suffered a substantial injury due to an unfair or deceptive trade practice by Brookside in the conduct of its business. "It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the `cigarette rule' by the federal trade commission [FTC] for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43,717 A.2d 77 (1998). "[U]njustified consumer injury is the primary focus of the FTC Act, and the most important of the three . . . criteria. . . . To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 592,657 A.2d 212 (1995).
"A majority of Superior Court cases support the claim that [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act. See EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991); see also Bonnell v. UnitedParcel Service, Superior Court, judicial district of Danbury at Danbury, Docket No. 315927 (February 7, 1997, Grogins, J.) (18 Conn. L. Rptr. 646). Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that CT Page 1543 may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]. Cf. Petro v. K-Mart Corp.,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (February 24, 1998, West, J.)." Benvenuti OilCo. v. Foss Consultants, Inc., Superior Court, judicial district of New London at New London, Docket No. 542755 (Apr. 6, 1999,Mihalakos, J.).
The plaintiffs allege as a result of Brookside's breach of contract, Morris suffered: a laceration of her right foot; sutures to close the laceration; pain, swelling and tenderness of her right foot; and an anxiety reaction. (Complaint, 1998, Count One, ¶ 8.) The court concludes that the plaintiffs failed to allege sufficient aggravating circumstances beyond a mere breach of contract. Additionally, the court concludes that the plaintiffs failed to allege that Morris suffered a substantial injury as a result of an unfair or deceptive trade practice by Brookside in the conduct of its business. Accordingly, the court grants Brookside's motion to strike count three of the complaint.
Stengel, J.